UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ALLEN BRYSON,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.
                                   /

CRIMINAL CASE NO. 11-CR-20571
CIVIL CASE NO. 13-CV-11939

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255
TO VACATE, SET ASIDE, OR CORRECT SENTENCE**
(Doc. 20)

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the motion to vacate be **DENIED**.

### II.    REPORT

#### A.    Introduction

Pending, pursuant to an order of reference from United States District Judge Thomas L. Ludington, is the above-entitled motion, which was filed pursuant to 28 U.S.C. § 2255, to vacate the federal custodial sentence of Michael Allen Bryson ("Bryson"). The Court has not ordered the government to respond because it finds, for the reasons explained below, that Bryson's motion does not set forth grounds necessitating responsive arguments. Therefore, pursuant to E.D. Mich. LR 7.1(f)(2), the motion is ready for Report and Recommendation without oral argument.

**B.     Background**

Bryson was charged in a one-count indictment with possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(2), on or about August 7, 2011. (Doc. 10.)

On January 17, 2012, Bryson pleaded guilty pursuant to a Rule 11 plea agreement filed on the same day. (Doc. 17.) On March 27, 2012, a Notice of Penalty Enhancement was filed, noting Bryson's previous convictions in Roscommon County, Michigan, i.e., two counts of delivering narcotics on April 6, 2010, and once count of delivering or manufacturing marijuana on November 12, 2002. (Doc.18.) On May 8, 2012, the Court sentenced Bryson to a term of imprisonment of 151 months, and the judgment entered the next day contained a recommendation that Bryson "be designated to an institution with a comprehensive drug treatment program" and "placement at F.C.I. Milan, to facilitate visitation with family." (Doc. 19.)

Bryson did not appeal his conviction or sentence. Instead, Bryson filed the instant motion to vacate his sentence on April 26, 2013. (Doc. 20.) In the motion, he contends that he was "not informed of sentence enhancement," that his "lawyer did not file for a hardship depart[ure]," and that "family hardship should have played a part in sentencing." (*Id*. at 4.)

**C.     Analysis and Conclusions**

**1.     Waiver**

I suggest that Bryson waived his right to challenge the instant sentence. The appellate waiver in Bryson's Rule 11 plea agreement states as follows:

> If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence on any grounds. . . .
> Defendant understands that defendants generally have the right to attack their convictions and sentences by filing post-conviction motions, petitions, or independent civil actions. As part of this agreement, however, defendant knowingly

2

      and voluntarily waives that right and agrees not to contest his conviction or sentence in any post-conviction proceeding, including – but not limited to – any proceeding under 28 U.S.C. § 2255.

(Doc. 17 at 7.)

      "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)); *accord United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004). Therefore, the Sixth Circuit has "held that a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001) ("plea agreement waivers of § 2255 rights are generally enforceable"). However, "in cases where a defendant argues that his plea was not knowing or voluntary, or was the product of ineffective assistance of counsel under *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), it would be entirely circular for the government to argue that the defendant has waived his right to an appeal or collateral attack when the substance of his claim challenges the very validity of the waiver itself." *Acosta*, 480 F.3d at 422. Nevertheless, "[e]nforcing appeal waivers makes good sense as well. A waiver of appellate rights gives a defendant a means of gaining concessions from the government. The government benefits, too, by saving the time and money involved in arguing appeals." *United States v. Toth*, 668 F.3d 374, 379 (6th Cir. 2012). Therefore, as long as the plea was knowing and voluntary, and not the product of ineffective assistance of counsel, the appellate waiver will be enforced. *Id.*

Here, Bryson does not even argue that his plea was not knowing and voluntary. I therefore suggest that since Bryson has not argued that the plea was not knowing or voluntary, the appellate waiver, which included a waiver of collateral attacks such as the instant § 2255 motion to vacate, should be enforced. I therefore suggest that the motion to vacate be denied.

### 2. Assistance of Counsel

Alternatively, I suggest that counsel was not ineffective for failing to challenge the criminal history enhancement or to seek a hardship departure. I first note that these assertions are different from asserting that the plea "was the product of ineffective assistance of counsel," such that the court should inquire into the effectiveness of counsel before enforcing the appellate waiver. *See Acosta*, 480 F.3d at 422. I further suggest that these assertions of ineffectiveness relate to post-plea sentencing issues, where any ineffectiveness would not have affected the validity of the plea and its attendant appellate waiver. *See United States v. Coleman*, No. 07-185-JBC-JGW-2 (crim) & No. 09-7091 (civ), 2010 WL 5173205, at *2 (E.D. Ky. June 7, 2010) (relief should be barred where the plea agreement was entered into knowingly and voluntarily because, "[h]aving received the benefit of his agreement, and having entered into his agreement knowingly and voluntarily, the defendant should not now be permitted to violate that same agreement"); *accord United States v. Baxter*, No. 10-1-DLB-JGW-2 (crim) & No. 12-7231-DLB (civ), 2013 WL 177751, at *3 (E.D. Ky., Jan. 15, 2013) (where ineffective assistance claim does not challenge the validity, i.e., knowing and voluntary nature, of the plea, appellate waiver precludes review of § 2255 petition). I therefore suggest that Bryson has not asserted any claim of ineffective assistance of counsel that would entitle him to avoid the knowing and voluntary appellate waiver discussed above. I further suggest that even if the merits of his claim are addressed, the result would be the same.

4

### a. Standards

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense – not what bears a false label of 'strategy' – based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable affect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Ineffective assistance of counsel claims "may be brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003).

**b.     Application**

I suggest that there is no merit to Bryson's claim that he was "not informed" of the sentence enhancement based on his prior criminal history. The criminal history portion of the sentencing guideline calculations attached to the Rule 11 agreement listed the same offenses as those contained in the notice of penalty enhancement. (Doc. 17 at 13; Doc. 18.) The agreed upon sentencing guideline range in the Rule 11 agreement was 151 to 188 months. (Doc. 17 at 3.) Although the notice was filed after the plea agreement was entered, the agreed upon sentencing guideline range did not change. Bryson was sentenced at the very bottom of the guideline range that he was aware of and agreed that it was correct. In addition, although the district judge did not "depart" based on family hardship, his lawyer must have made some argument regarding family issues that the court found to be persuasive because the judgment contains a recommendation for "placement at F.C.I. Milan, to facilitate visitation with family." (Doc. 19.)

I therefore suggest that there is no merit to Bryson's argument regarding being unaware of the penalty enhancement based on his criminal history or his contention that his lawyer should have asked for a downward departure based on family hardship. Since Bryson has not averred sufficient allegations that counsel was deficient or that the result of the proceeding is unreliable, *see Strickland, supra*, I suggest that Bryson's motion to vacate should be dismissed.

Finally, even if Bryson could establish that counsel's performance fell below an objective standard, I suggest that he cannot show prejudice. In order to show prejudice in the context of a guilty plea, petitioner must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed.2d 203 (1985). Here, Bryson does not even allege that he would have decided to go to trial absent counsel's advice or lack thereof, he merely asserts, at most, that his sentence should have been different. In addition, the record shows that Bryson was aware of the applicable sentencing guideline range, was sentenced at the lowest possible end of that range, and that the penalty enhancement filed after his plea did not affect the guideline range. I therefore suggest that Bryson is unable to show prejudice and thus, that his motion should be denied.

### 3.      Evidentiary Hearing

Section 2255 states that "[u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement

to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 7787, 782 (6th Cir. 1999) (citation omitted). In addition, "the words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. Furthermore, since I suggest that Bryson has not alleged any grounds for relief, the motion is one where "the files and the records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). I therefore suggest that Bryson is not entitled to a hearing on the allegations raised in his motion.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See*

*also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).

The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co.,* 454 F.3d at 596-97.

      s/ **Charles E. Binder**
      CHARLES E. BINDER
Dated: May 7, 2013      United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System and served on the following non-ECF participant via the United States Postal Service: Michael Allen Bryson #46147-039, Gilmer FCI, P.O. Box 6000, Glenville, WV 26351.

Date:  May 7, 2013      By    s/Patricia T. Morris
      Law Clerk to Magistrate Judge Binder