UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ALLEN BRYSON,

       Petitioner,                       Case No. 11-20571
                                              Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

**OPINION AND ORDER VACATING JUDGMENT, TAKING NOTE OF
AND OVERRULING PETITIONER'S OBJECTIONS, ADOPTING THE
MAGISTRATE'S REPORT AND RECOMMENDATION, DENYING PETITIONER'S
MOTION TO VACATE, AND DECLINING CERTIFICATE OF APPEALABILITY**

On January 17, 2012, Michael Bryson pled guilty to possession of heroin with intent to distribute. As set forth in his Rule 11 Plea Agreement, Bryson's sentencing guideline range was 151 to 188 months. Rule 11 Agreement 3, ECF No. 17. The Rule 11 Agreement established that Bryson "knowingly and voluntarily waive[d]" his right to attack his conviction and sentence "in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255." *Id.* at 7. By signing the Agreement, Bryson indicated that he had read (or been read) the entire document, understood it, and agreed to his terms. *Id.* at 11. He also acknowledged that he was "satisfied with defense attorney's advice and representation" and "that all of defendant's questions have been answered by counsel." *Id.*

Two months later, on March 27, 2012, the government filed penalty enhancement information pursuant to 21 U.S.C. § 851, but Bryson's guideline range did not change. *See* Resp't Enhancement Information 1, ECF No. 18. The information established that Bryson had been convicted of two felony drug offenses previous to the instant offense—two counts of delivering narcotics or cocaine on April 6, 2010, and delivering or manufacturing marijuana on

November 12, 2002.  *Id*.  Neither Bryson nor his attorney raised any objections to this information.  On May 9, 2012, in accordance with his Rule 11 Agreement, Bryson was sentenced to a term of 151 months' imprisonment; the low end of his guidelines range.  *See* J. 2, ECF No. 19.

Despite all of this, on April 26, 2013, Bryson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Bryson alleged that he "was never notified by attorney or court that [he] would be charged with sentence enhancement at any time during [his] court dates."  Pet'r's Mot. 4, ECF No. 20.  He also claimed that his lawyer did not "file for a hardship departure," and that his "mental capacity and family hardship[] should have played a part in sentencing."  *Id*. at 6.

Bryson's motion was referred to United States Magistrate Judge Charles E. Binder.  On May 7, 2013, Judge Binder issued a report recommending that Bryson's motion be denied.  Judge Binder determined that Bryson had waived his right to challenge the instant sentence in his Rule 11 Agreement, and that even if his arguments were addressed, they were without merit.  Report & Recommendation 2–7, ECF No. 24.  When no objections were filed to the Report by May 29, 2013, it was adopted by the Court and Bryson's motion was denied.  *See* May 29, 2013 Order 1, ECF No. 25 (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  Judgment was entered the same day.

However, on June 19, 2013, documents were filed on the docket that had been received from the Sixth Circuit Court of Appeals.  *See* Copy of Documents, ECF No. 27.  Included was a letter from the Clerk of the Court for the Eastern District of Michigan which indicated that the enclosed documents were "received in this office on May 20, 2013[.]"  *Id*. at 1.  Also included were two pages that constitute a handwritten objection to Judge Binder's report, which are

stamped "Filed – May 20, 2013." Pet'r's Obj. 1, ECF No. 27.  Apparently, Bryson filed his objections in a timely manner, but in the wrong court.  It took almost a month for the mix-up to be straightened out, and for the objections to appear on this Court's docket.  Because Bryson apparently filed timely objections to Judge Binder's report, the judgment adopting that Report and denying his motion will be vacated, and the objections will be addressed.

Upon review, however (and even if the appeal waiver is ignored), Bryson's objections to Judge Binder's report are without merit.  They will be overruled, and the Report will be adopted.  Bryson's motion to vacate his sentence will be denied.

# I

Bryson raises four distinct objections to Judge Binder's report.  First, he indicates that "[t]he government argues [he] knowing [sic] took a plea with the enhancement plainly stated." *Id*. at 1.  Bryson contends that he "did not know what [the enhancement] was or meant" because "the county jail did not have a law library that covered federal statutes" and his "lawyer was very uninformative on most topics."  *Id*.  He continues that "even though the guidline [sic] range was correct, [he] had no way of knowing [about the enhancement] because of lack of communication with [his] lawyer."  *Id*.

For his second objection, Bryson alleges as follows:

> I fell [sic] I was enhanced to career offender status.  I have never been sentenced to a prison sentence.  Based on my states sentening [sic] guidelines, therefore my past convictions should not be used to enhance me.  How can I be considered a career offender if I never served more than 11 months jail time[?]  It is in my opinion that a career offender is a person that has been to prison on more than 2 occastions [sic].

*Id*.  Third, Bryson claims that "two of the convictions used to enhance [him] were commited [sic] at the same time [and] should be considered relitive [sic] conduct and count as 1 offense[.]"  *Id*. at 2.  Finally, Bryson argues that "[t]he court has also acknowledged family hardship enough to

- 3 -

recommend Mila[n] F.C.I. which should have been enough for the court to further investigate an applicable departure." *Id*. Each of these objections will be addressed in turn.

**A**

Noted above, Bryson first claims that he was not aware his sentence would be enhanced as stated in the Rule 11 Plea Agreement because he did not "know what [the enhancement] was or meant." *Id*. at 1. This objection is without merit, and it will be overruled.

Judge Binder pointed out in his Report that "Bryson does not . . . argue that his plea was not knowing and voluntary." Report & Recommendation 4. Despite this clear language, in his objections, Bryson did not contend that his Rule 11 Agreement was unknowing or involuntary. Instead, he only claims that he was unaware of what an enhancement was because this was his "first time involved with Federal Prosecution." Pet'r's Obj. 1.

Regardless of whether Bryson now argues that his plea was involuntary, or only that he was unaware of the potential enhancement, he acknowledges that his "guidline [sic] range was correct[.]" *Id*. And despite the fact that he may not have understood what an enhancement was, he does not argue that he failed to comprehend the meaning of his potential sentence of 151 to 188 months as established by that guideline range. *See* Rule 11 Agreement 3. Indeed, "[a]s long as the defendant understood the length of time he might possibly receive, . . . he was aware of the plea's consequences." *United States v. Smith*, 143 F. App'x 559, 561 (5th Cir. 2005) (rejecting claim by a defendant that the failure to inform him of a potential career offender enhancement rendered plea involuntary); *United States v. Arias*, 321 F. App'x 439, 441 (6th Cir.2009) (same).

Bryson was informed in his Plea Agreement that he faced 151 to 188 months in prison if he pled guilty. He then did so. He does not contest his understanding of that potential exposure, nor does he attack the accuracy of that guideline range. Whether he was informed of a potential

enhancement, or even knew what an enhancement was, is therefore irrelevant. Bryson knew the time he would face if he pled guilty, and then he pled guilty. This objection is overruled.

**B**

In his second objection, Bryson claims that he should not have been sentenced as a career offender because "in [his] opinion . . . a career offender is a person that has been to prison on more than 2 occastions [sic]." Pet'r's Obj. 1. This objection is also without merit.

Despite Bryson's opinion, career offender status does not require more than two stints in the clink. As established by the U.S. Sentencing Guidelines Manual,

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence of a controlled substance offense; and (3) the defendant has *at least two* prior felony convictions of either a crime of violence or a controlled substance offense.

*Id.* at § 4B1.1(a) (2011) (emphasis added). Bryson was over eighteen when he committed the instant offense, and it involved a controlled substance. Further, he had two prior felony convictions that involved controlled substances (delivering narcotics or cocaine on April 6, 2010 and delivering or manufacturing marijuana on November 12, 2002. Resp't Enhancement Information 1). As established by the worksheets attached to Bryson's Rule 11 Agreement, he received concurrent sentences of 18 months to 20 years' imprisonment on his 2010 convictions and 30 days' imprisonment on the 2002 marijuana conviction. Rule 11 Agreement, Worksheet C.

The application notes of U.S. Sentencing Guidelines Manual § 4B1.2 establish that a "'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."

Pursuant to this definition, Bryson's 2010 convictions are clearly felonies. His marijuana conviction, however, is not so obvious.

But only limited research establishes that manufacture or delivery of marijuana is a felony punishable by more than one year in prison under Michigan law. *See State v. McQueen*, 811 N.W.2d 513, 522 (Mich. Ct. App. 2011) ("the manufacture, creation, and delivery of marijuana are felony offenses"); Mich. Comp. Laws 333.7401(2)(d) (manufacturing or delivering marijuana is punishable by "imprisonment for not more than 4 years" if the "amount is less than 5 kilograms or fewer than 20 plants"). Thus, when Bryson committed the instant controlled substances offense, he had previously been convicted of two felonies involving controlled substances. He was properly sentenced as a career offender.

## C

Next, Bryson argues that "two of the convictions used to enhance [him] were commited [sic] at the same time" and therefore constitute one offense. As indicated by the government's penalty enhancement information and the Rule 11 Agreement, Bryson's two 2010 convictions were treated as one offense. It was the additional controlled substances felony conviction from 2002 that bumped him up to career offender status. Because only two previous felony convictions are necessary to make career offender status applicable, Bryson's third objection is without merit.

## D

In his fourth objection, Bryson argues that the Court's acknowledgment of his family hardship "should have been enough for the court to further investigate an applicable departure." Pet'r's Obj. 2. The Court need not tarry long with this objection. Bryson acknowledges that his sentencing guideline range was appropriately set as 151 to 188 months. *Id*. at 1. His sentence

was the lowest possible within this range—151 months. This within guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). The fact that Bryson received a sentence at the low end of the range was, in part, on account of his family hardships. And, as he acknowledges, the Court recommended he be placed in "F.C.I. Milan, to facilitate visitation with family." J. 2. The Court *did* take Bryson's unique personal characteristics into account, and he received an appropriate sentence. The fact that he did not receive a downward departure does not render his habeas claims valid. His final objection will also be overruled.

E

Finally, before Bryson may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a federal court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484–85.

Bryson has not made a substantial showing of the denial of a constitutional right as to his habeas claims, and reasonable jurists would not find the Court's ruling debatable or wrong. Accordingly, the Court will not grant a certificate of appealability, and Bryson will not be granted leave to proceed *in forma pauperis* on appeal as any appeal cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).

## II

Accordingly, it is **ORDERED** that the Judgment denying Bryson's motion to vacate, ECF No. 26, is **VACATED**.

It is further **ORDERED** that Bryson's objections, ECF No. 27, are **ACKNOWLEDGED** and **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation, ECF No. 24, is **ADOPTED**.

It is further **ORDERED** that Bryson's motion to vacate, ECF No. 20, is **DENIED**.

It is further **ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

It is further **ORDERED** that the Court **DECLINES** to grant Byron *in forma pauperis* standing on appeal.

Dated: July 19, 2013                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Michael Allen Bryson #46147-039 Gilmer Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6000 Glenville, WV 26351 by first class U.S. mail on July 19, 2013.
                          s/Tracy A. Jacobs
                          TRACY A. JACOBS