UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL ALLEN BRYSON,

       Petitioner,                              Case No. 11-20571
                                                              Honorable Thomas L. Ludington

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

**ORDER DENYING RULE 60 MOTION TO VACATE JUDGMENT
AND MOTION FOR APPOINTMENT OF COUNSEL,
AND GRANTING MOTION FOR ENLARGEMENT OF TIME**

Michael Bryson filed three pending motions: one to re-open, amend, and supplement his § 2255 motion to vacate his sentence; one for an enlargement of time to reply to the government's response to that motion; and one for the appointment of counsel. Bryson's motion for an enlargement of time will be granted and his other two motions will be denied.

**I**

On January 17, 2012, Bryson pled guilty to possession of heroin with intent to distribute. As set forth in his Rule 11 Plea Agreement, Bryson's sentencing guideline range was 151 to 188 months. Rule 11 Agreement 3, ECF No. 17. Although the Rule 11 Agreement established that Bryson "was previously convicted of [two] felony drug offenses," it also made clear that "[t]he parties agree[d] that the government [would] withdraw one notice of prior conviction . . . which imposes a statutory maximum sentence of 30 years." *Id*. at 2, 3. Pursuant to that Plea Agreement, Bryson was sentenced to 151 months' imprisonment—the low end of the applicable guidelines range. *See* J. 2, ECF No. 19.

Despite the fact that Bryson's Rule 11 Agreement established that he "knowingly and voluntarily waive[d]" his right to attack his conviction and sentence "in any post-conviction proceeding, including—but not limited to—any proceeding under 28 U.S.C. § 2255," Rule 11 Agreement 7, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on April 26, 2013. Relevant here, Bryson alleged that he "was never notified by attorney or court that [he] would be charged with sentence enhancement at any time during [his] court dates." Pet'r's Mot. Vacate 4, ECF No. 20. The motion to vacate was denied on the merits on July 19, 2013, and judgment was entered the same day. Bryson did not appeal.

## II

On January 15, 2014, Bryson filed a motion for an order to "Re-Open, Amend and Supplement" his motion to vacate. *See* Pet'r's Mot., ECF No. 30. Bryson alleges that he brings the motion pursuant to both Federal Rule of Civil Procedure 15 and Rule 60. *Id*. at 1. Of course, the Sixth Circuit has established that a district court "lacks power" to grant a Rule 15 motion "unless postjudgment relief is granted" first. *See In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 624 (6th Cir. 2008) (brackets omitted) (quoting *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994)); *see also Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) ("Following entry of final judgment a party may not seek to amend . . . without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60"). Thus, Bryson's motion will be considered only under Rule 60.

Rule 60 establishes that a court "may relieve a party . . . from a final judgment" for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence . . .

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

### A

Bryson first argues that the Court erred in "denying [his] 2255 [motion] without advance notice . . . ." Pet'r's Mot. 5. But Bryson had ample notice. His motion to vacate was first referred to United States Magistrate Judge Charles Binder, who issued a report recommending that the motion be denied. *See* Report & Rec. 1, ECF No. 24. Bryson raised numerous objections to Judge Binder's report, *see* Documents, ECF No. 27, which were overruled by the Court on the way to adopting Judge Binder's report and recommendations, and dismissing the motion to vacate, July 19, 2013 Op. & Order, ECF No. 28. So Bryson had notice that his motion was going to be denied and he received an opportunity to raise objections.

Bryson also claims that his guilty plea was not knowing, intelligent, or voluntary. This issue was addressed previously by the Court, *see id*. at 4–5, and in any event, by signing the plea agreement—which Bryson acknowledged he had read and understood—Bryson has already indicated precisely the opposite. This also is not grounds to vacate the Court's judgment denying his motion to vacate his sentence.

Bryson also argues that his counsel, both trial and appellate, were ineffective. Again, the plea agreement he signed, detailed above, forecloses such an argument.

**B**

The only real issue Bryson has raised is that penalty enhancement information was filed *after* he had already pled guilty. On January 17, 2012, Bryson pled guilty. On March 27, 2012, the government filed notice of penalty enhancement. However, 21 U.S.C. § 851(a)(1) establishes that "No person who stands convicted of an offense under this part shall be sentenced to increased punishment . . . unless . . . before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon." Clearly, the information filed here came after Bryson had already pled guilty.

But Bryson was not sentenced based on any enhancements. *See* J. 2. Instead, he was sentenced to the *low end* of the guidelines range established in the plea agreement he knowingly signed, which made clear that the parties had agreed to withdraw "one notice of prior conviction." Rule 11 Agreement 2. As the government establishes in its reply to Bryson's motion, the penalty enhancement information was filed "mistakenly." Resp. 2, ECF No. 32. So although enhancement information was filed after Bryson had already pled guilty, he was not "sentenced to increased punishment" based on that information, and so this argument fails as well.

Bryson has not established any reason to vacate the Court's judgment denying his motion to vacate his sentence. Thus, the relief he requests in his Rule 60 motion is not warranted.

**III**

Bryson filed a motion for appointment of counsel regarding his motion to vacate. However, a petitioner "has no absolute right to be represented by counsel on habeas corpus review." *Sellers v. United States*, 316 F. Supp. 2d 516, 522 (E.D. Mich. 2004) (collecting cases). Appointment of counsel is "a matter within the discretion of the district court. It is a privilege

and not a right." *Id.* (citation omitted). Some of the factors a court is to consider when deciding whether to appoint counsel include "the viability or frivolity of the indigent's claims, the nature and complexity of the case, and the indigent's ability to present the case." *Id.*

Here, no factor weighs in favor of appointing counsel. This issue is not complicated: although the government filed penalty enhancement information, Bryson was not sentenced pursuant to that information. Thus, his claims are frivolous. Nevertheless, Bryson has presented his claims with surprising clarity, despite the fact that it is without merit. So his motion for the appointment of counsel will be denied.

Bryson also filed a motion for an extension of time to file a reply to the government's response to his motion to re-open. *See* Pet'r's Mot. Extension, ECF No. 33. He then filed a reply by the date he requested, March 10, 2014. *See* Pet'r's Reply, ECF No. 34. That reply was considered, but it did not change the Court's conclusions. Accordingly, Bryson's motion for an extension will be granted, although this will not change the outcome of the other two motions.

**IV**

Accordingly, it is **ORDERED** that Bryson's motion to re-open, amend, and supplement his 2255 motion, ECF No. 30, is **DENIED**.

It is further **ORDERED** that Bryson's motion to appoint counsel, ECF No. 35, is **DENIED**.

It is further **ORDERED** that Bryson's motion for an enlargement of time, ECF No. 33, is **GRANTED** and Petitioner's reply brief, ECF No. 34, is accepted as filed.

Dated: April 2, 2014                                                 s/Thomas L. Ludington
                                                                     THOMAS L. LUDINGTON
                                                                     United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and upon Michael Allen Bryson #46147-039 Gilmer Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 6000 Glenville, WV 26351 by first class U.S. mail on April 2, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS