UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 11-20571
v.                                                  Honorable Thomas L. Ludington

MICHAEL ALLEN BRYSON,

                Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING AND FOR THE APPOINTMENT OF COUNSEL**

On January 17, 2012, Defendant Michael Allen Bryson pled guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). ECF No. 17. He was sentenced to 151 months imprisonment. ECF No. 19. He is currently housed at Federal Correctional Institute, Milan ("FCI Milan") in Milan, Michigan.

On October 13, 2020, Defendant sent a letter to this Court asking to "start resentencing proceedings" and "to have [counsel] appointed." ECF No. 39 at PageID.151. Defendant's letter is premised on legislation recently enacted in Michigan and which he refers to as the "Clean Slate Act." *Id.* His letter is construed as a motion for resentencing and for the appointment of counsel. For reasons explained below, his motion will be denied.

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010) (quoting *United States v. Houston*, 529 F.3d 743, 748 (6th Cir. 2008)). Defendant suggests that he should be resentenced because the Clean Slate Act

will expunge marijuana convictions that were used to enhance his sentence.[1] *See* ECF No. 39 at PageID.151. However, the Clean Slate Act will not become effective until April 10, 2021, and even if Defendant's predicate convictions are expunged, he has identified no authority—statutory or otherwise—that would allow this Court to modify his sentence.

Defendant's request for the appointment of counsel appears predicated entirely on his request for resentencing. Because this Court will not resentence Defendant, his request for the appointment of counsel is moot.

Accordingly, it is **ORDERED** that Defendant's Motion for Resentencing and for the Appointment of Counsel, ECF No. 39, is **DENIED**.

Dated: January 22, 2021                             s/Thomas L. Ludington
                                                    THOMAS L. LUDINGTON
                                                    United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Michael Allen Bryson** #46147-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 or first class U.S. mail on January 22, 2021.

                                    s/Kelly Winslow
                                    KELLY WINSLOW, Case Manager

---

[1] In reality, the Clean Slate Act is a group of bills that were signed by Governor Whitmer in October 2019 as part of a criminal justice reform package. *See Governor Whitmer Signs Bipartisan "Clean Slate" Criminal Justice Reform Bills Expanding Opportunities for Expungement, Breaking Barriers to Employment and Housing Opportunities*, Off. of Governor Gretchen Whitmer (Oct. 12, 2020), https://www.michigan.gov/whitmer/0,9309,7-387-90499-542110--,00.html [https://perma.cc/EUE5-KFPT]. Among other things, the bills will expand the offenses eligible for expungement and "[a]llow a person to petition to set aside one or more marijuana offenses if the offense would not have been a crime if committed after the use of recreational marijuana by adults became legal in the state." *Id.*